## GARGILL v. AMERICAN GUARANTY CORP.
### No. 4640.

United States Court of Appeals,
First Circuit.

Jan. 2, 1953.

Benjamin Goldman, Boston, Mass. (Louis J. Shrair and Gargill & Shrair, Boston, Mass., on the brief), for appellant.

Bernard Kaplan, Boston, Mass. (Hubert C. Thompson and Libman, Kaplan & Packer, Boston, Mass., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

### PER CURIAM.

This is an appeal from a judgment entered after a trial without a jury dismissing an action brought by the trustee in bankruptcy of a Massachusetts corporation to recover payments made over a period of several months by the bankrupt to the defendant. Federal jurisdiction rests upon diversity of citizenship and amount in controversy. Title 28 U.S.C. § 1332(a)(1).

The payments involved were made on a promissory note payable in instalments, and the plaintiff's action is bottomed on the proposition that it was beyond the bankrupt corporation's powers (*ultra vires*) for it to make the payments. Two reasons are advanced for this. First it is said that the corporation was merely an accommodation endorser of the note upon which it made the payments, and that it had no power under Massachusetts law to endorse for accommodation only. Second it is said that to the defendant's knowledge the money borrowed on the note was not for the use and benefit of the corporation, but instead was intended for, and in fact was used by, one DiTulio to finance his purchase of all the stock in the corporation.

The case was tried on oral testimony and exhibits, and while that evidence provides some factual basis for the plaintiff's position, the District Court thought otherwise. It found that DiTulio signed the note in question, which was payable to the bankrupt, and that the bankrupt endorsed the note over to the defendant. It also found that as part of the transaction the bankrupt gave the defendant a mortgage of all its corporate assets, and DiTulio gave the defendant an assignment covering all the corporation's stock which he had just purchased. And it found that thereafter the bankrupt made payments on the note in accordance with its terms. But the court said that it could not "subscribe to the Trustee's theory that the loan was really being made to DiTulio personally so that he could purchase the stock." It found that there were pre-existing corporate debts to two banks which DiTulio wanted discharged, that the defendant advanced money on the note "to the corporation in order that it might discharge its own corporate debts, substituting the defendant for the two banks," and that there was "nothing irregular about this transaction between the corporation and the defendant."

The entire transaction in which the note under consideration played a part was a complicated one involving the sale of all the corporation's stock to DiTulio and discharge of all the corporation's debts as a prerequisite thereto. No useful purpose

would be served by describing it in detail. It will suffice for us to say that we find evidence in the record to sustain the District Court's findings of fact, and that those findings support that court's ultimate conclusion.

The judgment of the District Court is affirmed.